IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

VANESSA CLARK, §
§
*Plaintiff*, §
§
v. § CIVIL ACTION NO. SA-25-cv-01288-FB
§
CHRISTOPHER J. WEBER, §
CHRISTOPHER J. WEBER, LLC, §
and AUSTIN TAYLOR SUTTON, §
§
*Defendants*. §

**ORDER ACCEPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge, ECF No. 8, recommending that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and this case this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious, along with Plaintiff's written objections, ECF Nos. 10, 12, 14, 15, thereto.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Plaintiff's submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

*Pro se* plaintiff Vanessa Clark seeks leave to proceed in forma pauperis. ECF No. 1. She is a 33-year-old Navy veteran whose sole income stems from her 100% disability rating from the Department of Veterans Affairs. ECF No. 1-1 (noting Plaintiff receives $3,800 monthly through disability payments); ECF No. 3 at 1.13. Plaintiff alleges that Defendants violated her privacy rights and engaged in fraudulent acts that violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"). ECF No. 1-1, generally.

Plaintiff's factual allegations concern purported misconduct by Defendants in connection with state-court proceedings. *Id*. at 2. Plaintiff has already sued these Defendants for claims related to those state-court proceedings. *See Clark v. Weber, et al.*, 5:25-cv-00534-JKP (dismissed September 12, 2025); *Clark v. Weber, et al.*, 5:25-cv-01241-OLG (dismissed October 7, 2025); *Clark v. Weber, et al.*, 5:25-cv-01268-FB (dismissed February 20, 2026); *Clark v. Sutton et al*., 5:25-cv-01270-OLG (filed October 2, 2025).

In at least one earlier case, the factual allegations are identical to those presented here. *Compare* ECF No. 1-1 at 2–3, with *Clark*, 5:25-cv-01241-OLG, at 2–3. Plaintiff voluntarily dismissed that earlier case on October 7, 2025. She filed this suit the same day.

Magistrate Judge Henry J. Bemporad reviewed Plaintiff's motion and proposed Complaint in accordance with 28 U.S.C. § 636(b). ECF No. 8 at 1. He recommended that the Court deny Plaintiff's motion and dismiss her Complaint. *Id*. He noted that in cases seeking to proceed *in forma pauperis*, the Court must dismiss the case if it is malicious. *Id.* at 1 (citing 28 U.S.C. § 1915(e)(2)(b)). "An action is

malicious if it involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (quotations omitted).  The Magistrate Judge explained that Plaintiff's claims "arise out of the same transaction or series of transactions as" her other suits in this District. ECF No. 8 at 3. Considering that "Plaintiff already has or could have asserted her present claims in her prior dismissed lawsuits," the Magistrate Judge found that this action is malicious under 28 U.S.C. § 1915. *Id*. at 3.

Plaintiff objects to the Magistrate Judge's Report and Recommendations. ECF Nos. 10, 12, 14, 15.  By way of her four filings, Plaintiff  makes three principal arguments that her claim is not malicious.

First, Plaintiff argues that each case she filed "address[es] separate defendants, separate conduct, and distinct legal theories." ECF No. 10 at 1.  But an action is malicious if it "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit." *Brown*, 554 Fed. App'x at 269. Plaintiff does not contend that this action arises from a different set of events. Indeed, the factual allegations here are identical to those in at least one earlier suit.

Second, Plaintiff asserts that the present suit incorporates new evidence and information revealing fraudulent conduct that was not known and could not reasonably have been discovered during the prior proceedings.  ECF No. 12 at 2.  Although Plaintiff describes this new evidence as "falsified court documents, forgery and coordinated concealment," *id.*, she does not explains why it was previously undiscoverable.

Third and finally, Plaintiff contends that the Magistrate Judge improperly applied the doctrine of *res judicata* against her. ECF No. 10 at 2. She argues that the doctrine typically requires a final judgment on the merits of the same claims, and her prior cases involved different claims that were voluntarily dismissed.  *Id*. But the Magistrate Judge found that Plaintiff's claim is malicious under

Section 1915(e), not that it is barred by *res judicata*. "The court's power of dismissal in IFP cases under section 1915(d) is broader than in other civil cases under the Federal Rules of Civil Procedure." *Bailey, v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Plaintiff's objections are overruled. This Court agrees with Magistrate Judge Bemporad that this action "aris[es] from the same series of events and alleg[es] many of the same facts as an earlier suit." *Brown*, 554 Fed. App'x at 269. It is malicious under 28 U.S.C. § 1915(e).

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge, ECF No. 8, is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's Motion to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 1, is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 1st day of April, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE